# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**THE ESTATE OF CRYSTALLINE BARNES, et al.**         **PLAINTIFFS**

**VS.**         **CIVIL ACTION NO.: 18-644**

**OFFICER RAKASHA ADAMS; OFFICER
ALBERT TAYLOR; OFFICER ERIC MORRIS;
THE CITY OF JACKSON, MISSISSIPPI**         **DEFENDANTS**

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL CITY OF JACKSON'S DISCOVERY RESPONSES

**COMES NOW**, Defendant, City of Jackson, Mississippi ("City"), by and through counsel, pursuant to the applicable Federal Rules of Civil Procedure and other applicable authority, and files its Memorandum of Authorities in Support of its Response in Opposition to Plaintiffs' Motion to Compel City of Jackson's Discovery Responses, and in support thereof, the City states as follows:

### Brief Statement of the Facts

On January 27, 2018, Officer Adams elicited the help of Officer Taylor when attempting to pull over the vehicle being driven by Crystalline Barnes. Unfortunately, Ms. Barnes refused to pull over or adhere to the officers' pleas to exit her vehicle and instead attempted to run over the officers. The officers, fearing for their lives, discharged their weapons at the vehicle driven by Ms. Barnes. Ms. Barnes died as a result. Both Officer Adams and Officer Taylor were disciplined for violating policy when they pursued Ms. Barnes without informing their supervisor.

## Introduction

Pursuant to Fed. R. Civ. P. 26(b), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and [1] proportional to the needs of the case, [2] considering the importance of the issues at stake in the action, [3] the amount in controversy, [4] the parties' relative access to relevant information, [5] the parties resources, [6] the importance of the discovery in resolving the issues, [7] and whether the burden or expense of the proposed discovery outweighs its likely benefit." **Tingle v. Hebert**, Civil Action No. 15-626-JWD-EWD, 2016 WL 7230499, * 2, (M.D. Louisiana Dec. 14, 2016) *citing* Fed. R. Civ. P. 26(b)(1). Specifically, as it relates to a motion to compel, "'[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" **Tingle**, 2016 WL 7230499, * 2 *quoting* **Mirror Worlds Technologies, LLC v. Apple Inc.**, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) *quoting* **SSL Servs., LLC v. Citrix Sys., Inc.**, 2010 WL 547478, at * 2 (E.D. Tex. Feb. 10, 2010). If the moving party is able to establish that the requested materials and "information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." **Id**. (*Other citations omitted*).

In the case at bar, the City has adequately responded to all of Plaintiffs' requests for production. The City has been completely cooperative and have produced thousands of pages of Internal Affairs Division (IAD) files involving allegations of officer involved shootings, involving different officers, over the past ten years. As a general rule, Jackson Police Department's IAD division investigates every officer involved shooting regardless of whether or not a complaint was filed. *See* Exhibit "A". The IAD investigative files

include photographs, handwritten witness statements, internal memorandums, witness(es) statements to the investigator, the officer(s) statements to the investigator, the police reports, the use of force reports, if there is a complainant, the handwritten statement of the complainant, and the investigator's findings. Apparently, after gathering all of the information contained in the IAD investigative files, Plaintiffs still can't find a pattern or practice of violating their constitutional rights. But, instead of conceding that there is not one, Plaintiffs decide to go on a "fishing expedition." The issue here is not that the City has failed to disclosed the IAD files of various non-party officers, because the City disclosed the files regardless of whether or not a complaint had been lodged and regardless of whether or not the allegations had been sustained. The issue here is not even that the City failed to disclose the IAD file regarding the incident in question because, the City has disclosed the file as well. The only thing the City has not disclosed are the actual recorded statements of the officers involved and the witnesses.

As it relates to the incident at hand, the Hinds County District Attorney's Office charged Officer Adams and Officer Taylor with murder. Though they were not indicted, the City does not know the status of the criminal investigation. At this time, the recorded statements of Officer Adams and Officer Taylor should be protected under *Garrity* and as such, not subject to discovery. Likewise, Plaintiffs are not entitled to rummage through the recorded statements of non-party officers, especially where the allegations were not sustained, in the hopes of discovering information that might possibly be relevant. Additionally, as IAD has no set filing system regarding recorded statements and no set time for retention, the discovery of the information sought would be unduly burdensome and oppressive.

Moreover, Plaintiffs' complaint alleges that the officers used excessive force. Plaintiffs' request for production fails to distinguish between allegations or complaints of excessive force and an IAD investigation regarding the discharge of an officer's weapon. As such, should the Court find that additional information should be disclosed, then the information should be limited to actual sustained complaints of excessive force. IAD files that do not contain a complaint of excessive force are wholly irrelevant to the claims and defenses of the parties and as such, the officers' recorded statements regarding such should not be produced.

## Argument

### A. The information sought is not within the scope of permissible discovery.

*Recorded statements of the Defendant Officers*

Generally, the Fifth Amendment privilege protects against compelled self-incrimination. "[S]ince the test is whether the testimony might later subject the witness to criminal prosecution, the privilege is available to a witness in a civil proceeding as well as to a defendant in a criminal prosecution." **Lefkowitz v. Cunningham**, 431 U.S. 801, 804, 97 S.Ct. 2132, 2135, 53 L.Ed.2d 1 (1977) *citing* **Malloy v. Hogan**, 378 U.S. 1, 11, 84 S.Ct. 1489, 1495, 12 L.Ed.2d 653 (1964). The issue of the Fifth Amendment and its protections against self-incrimination was further examined in *Garrity v. New Jersey*. In *Garrity*, the United States Supreme Court held that "[t]he choice given petitioners was either to forfeit their jobs or to incriminate themselves. The option to lose their means of livelihood or to pay the penalty of self-incrimination is the antithesis of free choice to speak out or to remain silent." **Garrity v. New Jersey**, 385 U.S. 493, 497, 87 S.Ct. 616, 618, 17 L.Ed.2d 562, 565 (1967).

Here, the City disclosed the entire IAD file regarding the investigation of the officers involved in the incident described herein, with the exception of the actual recorded statements of Officer Adams, Officer Taylor, and Sergeant Green. The statements given by Officer Adams, Officer Taylor, and Sergeant Green were given under the protection of *Garrity*. The District Attorney's Office originally charged both Officer Adams and Officer Taylor with murder. At this time, the City is without sufficient information as to whether or not there is an open investigation regarding the incident described herein. As there is no statute of limitations for the charge of murder, at this time, the City does not know whether or not the District Attorney's Office intends to re-present the case before the grand jury. Nevertheless, the City provided Plaintiffs with a copy of the use of force report authored by Officer Adams and the use of force report authored by Officer Taylor. The City also provided the police report authored by Officer Morris and the report authored by Detective Jasmin Haynes, the detective who investigated the incident. In addition, Plaintiffs were provided a copy of the IAD file which included more information than that found in the criminal investigation. With the disclosure of all of that information, the City has more than adequately responded to Plaintiffs' discovery requests. However, out of an abundance of caution, as it relates to Request 18 and Request 20(1), Plaintiffs should not be entitled to the actual recorded statements of Officer Taylor and Officer Addams therefore, Plaintiffs' motion to compel should be denied.

Likewise, the recorded statements given by the officers named herein, regarding other un-related incidents and given under *Garrity*, would also be undiscoverable. Just as previously discussed regarding Request 20(1), with the exception of the recorded statements, the City has disclosed the IAD files. However, the City does not know the

status of any pending criminal investigation regarding any of the incidents requested. Thus, as it relates to Requests 20(2) – 20(4), Request 20(9), Request 20(16), Requests 20(19) – 20(28), out of an abundance of caution, Plaintiffs should not be entitled to the recorded statements of the officers.

*Recorded statements of non-defendant officers*

Not only are Plaintiffs requesting the recorded statements of named defendants herein, but are also requesting the recorded statements of non-defendant officers, regardless of whether a complaint was filed or whether the allegations were sustained. Plaintiffs' request for the recorded statements of non-defendant officers stray far afield of the claims and issues in this case. The recorded statements of non-defendant officers of incidents unrelated to the matter at hand, is not reasonably related to any claim, issue or defense in this case. Plaintiffs fail to articulate how access to all of the IAD investigative documentation that have already been provided is so inadequate that only the recorded statements of non-party officers will cure.

### B. The information sought will not lead to the discovery of admissible evidence.

Federal Rules of Civil Procedure 26(b)(1) states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . " Though, for the purposes of discovery relevant information may be broad, "this tenet should not be misapplied so as to allow *fishing expeditions* in discovery." *Emphasis added.* **Williams v. Manitowoc Cranes, LLC**, 2015 WL 11004904, *2, Civil No. 1:14-cv-383-HSO-JCG, (S.D. Miss. August 12, 2015) *citing* **Hemphill v. State Farm Mut. Auto, Inc. Co.**, No. 2:13cv201-HSO-RHW, 2014 WL 4101657, *1 (S.D. Miss. Aug. 18, 2014). As such, a party may resist discovery by

establishing a lack of relevance of the information sought by "demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under FED.R.CIV.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." **Merrill v. Waffle House, Inc.**, 227 F.R.D. 467, 470 (N.D. Texas 2005).

Though discovery may be broad, it is not unlimited. **Crosby v. Louisiana Health Serv. & Indent. Co.**, 647 F. 3d 258, 264 (5th Cir. 2011). Here, the requested recorded statements of non-party officers and non-party witnesses have no obvious relevance to the case at hand and Plaintiffs have neither explained their relevance nor shown how they might result in obtaining other relevant and admissible information. As part of the City's discovery response, if there was a complaint filed, Plaintiffs were provided the written statement of the complainant. Plaintiffs were provided a copy of the investigator's recommendation including a summary of what each officer and/or each witness told that particular investigator. Again, Plaintiffs are not entitled to rummage through recorded statements of officers when either, no complaint was filed against them or where the allegations were not sustained. **Lewallen v. City of Beaumont**, 2008 WL 11344707, *5, Case No. 1:05-CV-733, (E.D. Tex. March 18, 2008). Requiring the production of the recorded statements of officers and witnesses even when the officer was exonerated and the complaint found baseless or when no complaint was filed at all, "would unduly thwart governmental processes and chill governmental self-evaluation to such an extent that production should *not* be required. . . " **Garrison v. Jefferson Parish Sheriff's Office, et al.**, 2005 WL 3555523, *4, No. Civ.A. 05-338, (E.D. La. Oct. 20, 2005). Simply, even if *Garrity* is inapplicable, the City has adequately responded to Plaintiffs' discovery requests. Therefore, Plaintiffs' motion to compel with regard to the

category of information involving the recorded statements of non-defendant officers and non-party witnesses should be denied.

### C. Plaintiffs' request for recorded statements and surveillance video is unduly burdensome.

In addition to the IAD files already provided to Plaintiffs, Plaintiffs seek to discover the recorded statements of officers and witnesses, given to IAD, and surveillance footage of incidents which occurred years prior to the incident herein. Aside from the information sought being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it would be incredibly difficult for the City to comply with the discovery requests. According to IAD, the IAD files and recorded statements are stored separately. *See* Exhibit "A". The investigator listens to the recorded statement while he is making his report and includes what is being said on the recording, by the officer or witness, in his report. There is no standard procedure for archiving the recorded statements and the department does not have the storage capacity to store the recordings for long periods of time. Because IAD is only looking at violations of internal procedures, generally, once the investigator makes the recommendation and closes the file, the recordings are erased. Since IAD does not share its investigative files with any other department or investigation, how the recordings are preserved and categorized depends completely on the investigator. Likewise, the timeframe in which recordings are erased also completely depends on the investigator. And, unfortunately, there is a great possibility that the investigator who investigated an incident years ago is no longer with the Jackson Police Department. It would be daunting and burdensome to try and locate whatever device the investigator used to record the statements, go through all of the statements, for the slim chance that the statement may still be available.

Furthermore, as it relates to surveillance footage, though IAD does not share the contents of its investigation with other investigators, i.e. detectives working a criminal investigation, IAD will be privy to the detective's investigation regarding criminal charges. However, viewing a surveillance video and retaining a copy of the video are two separate matters. As IAD is only concerned with violations of internal procedures, if the investigator had a copy of a video, he would not retain it longer than needed to complete his report. Accordingly, the City's objections regarding the production of recorded statements and surveillance footage should be sustained and Plaintiffs' motion to compel should be denied.

## Conclusion

In the spirit of full disclosure, the City has more than adequately responded to Plaintiffs' discovery requests. The information Plaintiffs now seek is either protected under *Garrity* or is not relevant and is not likely to lead to the discovery of relevant admissible information. In addition, the information sought is unduly burdensome and oppressive. Clearly, after weighing the factors in the instant case, Plaintiffs' motion to compel must be denied.

Respectfully submitted, this the 14th day of October, 2019.

**CITY OF JACKSON, MISSISSIPPI**

By: /s/ LaShundra Jackson-Winters
LASHUNDRA JACKSON-WINTERS, MSB # 101143
Deputy City Attorney

OF COUNSEL:

**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Office: 601.960.1799
Facsimile: 601.960.1756

## **CERTIFICATE OF SERVICE**

I, LaShundra Jackson-Winters, one of the attorneys for the City of Jackson, do hereby certify that I have this day delivered, via electronic filing, a true and correct copy of the above and foregoing document, to the following:

All Attorneys of Record.

THIS the 14th day of October, 2019.

/s/ LaShundra Jackson-Winters
LASHUNDRA JACKSON-WINTERS