IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

K.B., ET AL.                                                                                          PLAINTIFFS

V.                                                                       CAUSE NO. 3:18-CV-644-CWR-LGI

OFFICER RAKASHA ADAMS, ET AL.                                                         DEFENDANTS

**ORDER**

In this tragic case, Plaintiffs K.B., J.H., and the Estate of Crystalline Barnes did not persuade a federal jury that Defendants Rakasha Adams, Albert Taylor, and the City of Jackson, Mississippi were responsible for Ms. Barnes' untimely death. Docket No. 199.

After prevailing at trial, the City of Jackson filed its Bill of Costs seeking recovery of $3,419.50. Docket No. 200. Now before the Court is the Plaintiffs' objection to the Bill of Costs. Docket No. 201. The City did not respond to the Plaintiffs' objection.

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

> "A wide range of reasons have been invoked to justify withholding costs from the prevailing party." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998). Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.* And, according to Wright and Miller, courts also deny costs if "the losing party prosecuted the action in good faith." *Id.* at 238, 101 S.Ct. 1146. However, every case cited by Wright and Miller for this proposition denies costs on the basis of *both* the losing party's good faith *and* some other one or more of the factors listed above.

*Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (citation omitted).

Finding that the Plaintiffs litigated this case in good faith, and in light of the Plaintiffs' ages and indigency, *see* Docket No. 201, the Court concludes that the Plaintiffs are unable to pay costs and that "there would be an element of injustice in a cost award." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355 n.14 (1981). Their objection is sustained and the award of costs is, therefore, denied.

**SO ORDERED**, this the 3rd day of March, 2023.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE